# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 26th day of March, 1991.

Devon Scott Saunders,                                    Appellant,

against          Record No. 1234-90-2
                 Circuit Court No. CR90F00362

Commonwealth of Virginia                              Appellee.

From the Circuit Court of Chesterfield County

Before Judges Baker, Duff and Cole

---

Appellant Saunders filed a notice of appeal following the trial court's oral pronouncement of sentence but prior to entry of the sentencing orders. No new notice of appeal was filed after the orders were entered. We raise *sua sponte* the question whether we have jurisdiction to consider Saunders' petition for appeal.

Rule 5A:6(a) reads:

No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Our Supreme Court, in considering former Rule 5:1(4), outlined the purposes of such a provision:

The rule requiring the notice of appeal and assignments of error to be filed within sixty days was adopted in order to give appellee ample opportunity (1) to examine the record and assure himself of its correctness before it leaves the

clerk's office of the trial court; (2) to file, in civil cases, assignments of cross-error; (3) to designate for printing that part of the record he deems material to support the rulings of the trial court; (4) to prepare a brief in opposition to the granting of an appeal.

*Skeens v. Commonwealth*, 192 Va. 200, 203, 64 S.E.2d 764, 766 (1951). None of these purposes, where applicable, is undermined by Saunders' premature filing.

The United States Supreme Court, when faced with a similar contention, held that the premature filing of a notice of appeal is not a fatal defect. *Lemke v. United States*, 346 U.S. 325, 326 (1953). *Lemke* was grounded in Rule 52(a) of the Federal Rules of Criminal Procedure: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." While Virginia has no rule which precisely mirrors the federal provision, the principle enunciated in Rule 52(a) is accepted in the Commonwealth where there has been "substantial compliance" with Rules of Court and the rights of the parties have not been substantially affected. *See Jackson v. Prestage*, 204 Va. 481, 482-83, 132 S.E.2d 501, 503 (1963); *Vick v. Siegel*, 191 Va. 731, 736-37, 62 S.E.2d 899, 901 (1951).

Accordingly, we hold that Saunders' premature filing of the notice of appeal does not deprive this Court of jurisdiction over his appeal. *See Lackey v. Lackey*, 222 Va. 49, 50, 278 S.E.2d 811, 811 (1981). The premature notice of appeal filed after oral pronouncement of judgment became effective when the final order was written and entered by the court. Our holding, however, should not be read as to invite parties to file a notice at any point in the litigation. "If a notice of appeal is filed so prematurely that it does not properly apprise the opposing party of its intention to appeal the final judgment, it is prejudicial and should be considered inoperative." *United States v. Hashagen*, 816 F.2d 899, 903 (3d Cir. 1987) (en banc).

Because the issue addressed herein occurs with sufficient regularity that members of the bar may benefit from the directives herein, the clerk is directed to publish this order.