## CIRCUIT COURT OF LOUDOUN COUNTY

Stewart

v.

DeJonghe

November 29, 1994

Case No. (Chancery) CJ94-23

BY JUDGE THOMAS D. HORNE

This case is before the Court on the motion of the Respondent to dismiss the instant appeal from the Juvenile and Domestic Relations Court of Loudoun County. Respondent contends that because the Appellant noted her appeal after the decision of this case from the bench on September 27, 1994, but more than ten days prior to the entry of the Final Order reflecting the Court's decision on October 13, 1994, the instant appeal is time barred. Respondent relies upon the express language of § 16.1-296(a), limiting the right of appeal to "appeal[s] . . . taken within ten days from the entry of a final judgment, order or conviction." He directs the Court's attention to the case of *Tatum v. Snidow*, 12 Va. (2 Hen. & M.) 542 (1808), as support for his position. However, the Court believes the holding in *Tatum* to be inapposite to the procedural posture of the instant case.

In *Tatum*, the Court found that, until a judgment had been entered in the County Court, the District Court ought not have allowed an appeal. It is important to note that the action in *Tatum* involved a detinue proceeding and that the objection taken was, as the Court observed, "not a mere matter of form: it goes to affect the rights of the appellee; because, by allowing an appeal before any judgment was entered, he is deprived of his security on the appeal bond. It is impossible to suppose, that a bond given to prosecute an appeal from a judgment of a Court can be binding, when no judgment was entered til years afterwards." *Tatum, supra*, at 543.

To the contrary, the Court of Appeals in the case of *Saunders v. Commonwealth*, 12 Va. App. 154, 402 S.E.2d 708 (1991), found, that in considering appeals to that Court, the notice of appeal of a decision from the bench prior to the entry of a Final Order, became effective upon the entry of the Order. The Court was careful to note in *Saunders*, that they had limited the scope of their opinion to those appeals taken subsequent to the trial court's having rendered a decision from the bench. Drawing upon Federal precedent, the Court observed there had been "substantial compliance," as well as the absence of prejudice to the appellee in such circumstances.

Accordingly, this Court finds that where, as here, a person taking an appeal from the Juvenile and Domestic Relations Court to the Circuit Court notes their appeal after the Court has made its decision from the bench, but more than ten days prior to the entry of a Final Order, the appeal becomes effective upon the entry of the Final Order of the Juvenile and Domestic Relations Court.

The Motion to Dismiss filed by the Respondent will be denied.