ELDER, J., with whom FELTON, C.J., and CLEMENTS, J.,
join, dissenting.
I believe the majority’s application of Rule 5A:18 to bar this appeal reaches new heights in elevating form over substance and extends the boundaries of the rule far beyond those previously set out in Virginia’s appellate decisions. Here, appellants objected to the trial judge’s finding of contempt when she sentenced them. Although they did not detail the basis for their objection at that time, they did so just a few days later in written motions for stay of execution of sentence, which they filed before the trial judge entered an order memorializing her contempt ruling. More importantly, the trial judge acknowledged she read the motions prior to entering the contempt order. The motions specifically challenged the validity of the contempt rulings, alleging the trial judge, by calling witnesses and gathering evidence, exceeded the bounds of summary contempt proceedings without affording appellants the additional procedural rights to which they were entitled in non-summary proceedings. The trial judge was clearly made aware of appellants’ specific objections to the contempt findings at a time when the matters were still within the breast of the court, and the trial judge expressly rejected those arguments in a later ruling on the record denying the motions for stay of execution of sentence. On these facts, I do not believe appellants were required to request a particular form of relief—the vacating or setting aside of the findings of contempt and the related sentences made from the bench but not yet memorialized in a written ruling—in order to satisfy Rule 5A:18. For the reasons set out in the majority opinion at the panel stage, Scialdone v. Commonwealth, 51 Va.App. 679, 710-24, 660 S.E.2d 317, 332-40 (2008), I continue to believe each appellant was denied his right to due process in proceedings that clearly exceeded the bounds appropriate for summary contempt. I also continue to believe remand of Scial *248 done and Taylor for retrial in proceedings comporting with due process would not offend double jeopardy principles. Id. at 724-27, 660 S.E.2d at 340-41. Thus, I respectfully dissent.
I.
Because I believe the majority opinion fails adequately to recount the sequence of events and some of the key facts related to those events, I briefly detail those here:
When the underlying criminal trial of Frankie Dulyea began in July 2006, Scialdone and third-year law student Jones served as trial counsel. Taylor, Scialdone’s law partner, was not present in the courtroom for any of the proceedings in Dulyea’s case. Taylor appeared only when, in the midst of trial on Wednesday, July 12, the judge directed Scialdone to use the telephone in the courtroom to summon Taylor and one of the firm’s secretaries to come immediately to court. The judge ordered Scialdone not to provide them with any explanation for the judge’s demand. Once Taylor and the secretary arrived, a significant portion of the judge’s inquiry concerning the questionable exhibit occurred outside the presence of all but Scialdone and before the trial judge ever used the word contempt. Once she did state she was finding the men in contempt, Scialdone and Taylor both challenged the sufficiency of the evidence to support a finding of contempt, arguing the evidence amounted to negligence at most. Scialdone also inquired about the nature of the proceedings and said, “I may want a lawyer,” which prompted a ruling from the trial court that the proceedings were for summary contempt. The judge indicated, “We will finish [Mr. Dulyea’s criminal] trial and then we will have hearings on [the contempt] matter as far as ... anything else you might want to say.”
Immediately following the conclusion of Dulyea’s trial on Friday, July 14, 2006, the trial judge stated the basis for finding each man in contempt and pronounced a sentence of ten days and a $250 fine for each. She ordered Scialdone and Jones to begin serving their sentences on Sunday, July 16, and allowed Taylor to delay reporting until July 24. Taylor re *249 sponded, “Note our exception for the record please.” The three men then filed notices of appeal of the judge’s contempt findings.[12] However, because the trial court did not enter an order embodying the contempt rulings and sentences until after the notices of appeal were filed, the notices of appeal did not take effect until Wednesday, July 19, the date on which the final order was entered. See Saunders v. Commonwealth, 12 Va.App. 154, 155, 402 S.E.2d 708, 709 (1991).
On Monday, July 17, two days prior to the trial judge’s entry of the contempt order, Scialdone and Taylor filed motions for stay of execution of their sentences pursuant to Code § 19.2-319. On Tuesday, July 18, Jones filed an identical motion. Each of the motions averred that, although the proceedings were conducted in a summary fashion, “[t]he conduct upon which the Court relied was not wholly contained within the record of the [underlying criminal] proceedings [against] Dulyea” and that “[t]he Court conducted an investigation that included [summoning and] interrogat[ing] ... witnesses who were not participants in the trial proceedings” and using the court’s deputy sheriff to gather evidence from computers at counsel’s law office. Appellants alleged that because the proceedings were not in fact summary proceedings, they should have been allowed time to obtain counsel and prepare a defense. Thus, the basis of the motions for stay of execution of sentence pending appeal constituted a claim of the likelihood of success on the merits of the appeals.
On Wednesday, July 19, appellants filed in the Court of Appeals an emergency motion for stay of execution of sentence indicating two of them were already serving their sentences and that the circuit court “ha[d] been unwilling to say yes or no” to their motions for stay filed in that court, which they alleged “[was] tantamount to a denial” of those motions. The Court of Appeals, in the course of attempting to resolve appellants’ emergency motions, learned the trial court had not yet prepared or entered a written order finding the men in *250 contempt. In response to the Court of Appeals’ inquiry, the trial judge prepared and entered the written contempt order that day. The record clearly indicates the trial judge acknowledged she received and read appellants’ motions for stay before she entered the order finding the men in contempt on Wednesday, July 19. Manifestly, then, at a time when the trial judge retained authority to set aside the contempt findings and initiate plenary proceedings, she was aware of appellants’ claims that the contempt proceedings should not have been conducted summarily and that appellants should have been allowed time to obtain counsel and prepare a defense.
II.
Rule 5A.T8 provides that “[n]o ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” The purpose of the rule is to avoid unnecessary appeals, reversals, and mistrials by requiring litigants to inform the trial judge of the action complained of so that the judge has the opportunity to consider the issue intelligently and take timely corrective action. See, e.g., Robinson v. Commonwealth, 13 Va.App. 574, 576, 413 S.E.2d 885, 886 (1992). Formal exceptions to rulings are not necessary as long as the party “makes known to the court [either (1)] the action which he desires the court to take or [(2)] his objections to the action of the court and his grounds therefor.” Code § 8.01-384(A).
The majority holds that “Under Rule 5A:18, raising a legal argument in support of one type of relief does not preserve for appellate review the same argument in support of another type of relief which was never requested.” (Emphasis omitted.) Although this has been the practical result in some prior cases under particular factual scenarios, until today, neither this Court nor any higher appellate court whose decisions are binding upon us has held such a principle must be applied in all cases. In announcing such a rule, the majority unnecessarily tightens procedural bar boundaries well beyond the text *251 of Rule 5A:18 and Code § 8.01-384(A), which, as quoted above, expressly provides that either a statement of the action the objecting party desires the court to take, i.e., the relief he seeks, or a statement of his objection to the court’s action and the grounds for that objection is sufficient to preserve the objection for appeal.
The cases upon which the majority relies are factually distinguishable and do not dictate the result the majority reaches in this case. In a few well-defined areas, established principles require the objecting party to request a specific form of relief. A classic example is the requirement that a defendant who desires a mistrial must request one promptly upon occurrence of the event on which he claims entitlement to the mistrial; a mere objection to the event or a request for a cautionary instruction is insufficient to preserve the mistrial claim for appeal. See, e.g., Bennett v. Commonwealth, 29 Va.App. 261, 280, 511 S.E.2d 439, 448 (1999); see also Manetta v. Commonwealth, 231 Va. 123, 127 n. 2, 340 S.E.2d 828, 830 n. 2 (1986) (recognizing the well-settled principle that, where a defendant successfully objects to the admission of evidence and requests that it be stricken or obtains a ruling that evidence is admissible for only a limited purpose, a court has no duty to give a cautionary or limiting instruction unless the defendant specifically requests one).
The majority cites Bennett for the general proposition that “ ‘the objecting party must expressly seek the action that it desires the judge to take.’” However, Bennett involved a very specific factual context—allegedly objectionable comments made by a prosecutor during closing argument in a jury trial. 29 Va.App. at 280, 511 S.E.2d at 448. We made the statement quoted by the majority in that unique context, holding that “[w]hen allegedly improper comments are made during closing argument in the guilt phase of a [jury] trial, the objecting party must expressly seek the action that it desires the judge to take.” Id. (emphasis added). We listed as the only two choices under those circumstances making a motion for a mistrial or requesting a cautionary instruction. Id. at 280-81, 511 S.E.2d at 448. The Court acknowledged *252 that requiring a defendant to make a prompt, specific request for a mistrial under these particular circumstances is a rule requiring “strict application,” to which “[tjhere appears to be no exception in Virginia law.” Id. at 281, 511 S.E.2d at 449. Thus, our holding in Bennett belies the majority’s assertion that such a strict rule applies in every case.
The majority focuses on this and other situations in which Virginia’s appellate decisions have held that a prompt request for a specific type of relief is particularly important to avoid the need for retrial. However, not all situations require a request for a specific form of relief, as Code § 8.01-384(A) expressly acknowledges, or require that the objection be stated at a particular point in time and no other. Unless a more specific rule applies, as is the case for certain mistrial motions, a party challenging a court’s determination “may meet the mandates of Rule 5A:18 in many ways.” Lee v. Lee, 12 Va.App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc).
For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, counsel may ... include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.
Id. at 515-16, 404 S.E.2d at 738 (citations omitted); see George v. Commonwealth, 276 Va. 767, 773, 667 S.E.2d 779, 782 (2008) (reversing the decision of this Court applying Rule 5A.18, holding that “[ajlthough [the defendant] did not use the phrase ‘fatal variance,’ his arguments before the trial court [in objecting to a jury instruction and moving to set aside the jury’s verdict] were sufficient to put that court on notice of his position regarding the inconsistency between the indictment and the jury instruction”); cf. Jay v. Commonwealth, 275 Va. 510, 517-20, 659 S.E.2d 311, 315-17 (2008) (holding that the Court of Appeals may not dismiss on jurisdictional grounds appeals that fail to comply with the requirement of Rules 5A:12(c) and 5A:20(e) that a petition include “[t]he principles of law, the argument, and the authorities relating to each *253 question presented” and that, although the Court may deny such appeals on waiver principles, it “should ... consider whether any failure to strictly adhere to the requirements of Rule 5A:20(e) is insignificant, thus allowing the court to address the merits of a question presented”).
Where a party wishes to preserve objections for appeal through a motion filed after entry of the final decree or order, he must obtain a ruling from the trial court in compliance with Rule 1:1 in order to preserve the issue for appeal. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991); Smith v. Smith, 18 Va.App. 427, 433, 444 S.E.2d 269, 274 (1994). However, where a party makes his objections known to the court prior to or at the time of entry of a final order or decree and does not specifically disclaim the desire to have the court rule on those objections, entry of a final order or decree adverse to those objections constitutes a rejection of them and preserves them under Rule 5A:18 for purposes of appeal. Compare Kaufman v. Kaufman, 12 Va.App. 1200, 1204, 409 S.E.2d 1, 3 (1991) (holding objections were preserved for appeal where the party “made known to the trial court his position through his memoranda and other written correspondence with the court prior to the court’s issuance of its amended final decree” and “the trial judge specifically acknowledged the existence of [his] objections”), with Nusbaum v. Berlin, 273 Va. 385, 406-06, 641 S.E.2d 494, 503-05 (2007) (holding the appellant waived the right to challenge his contempt conviction on due process grounds where, inter alia, he objected to the trial court’s ruling on due process grounds prior to entry of the final order but specifically stated he was not asking the trial court to change the oral ruling already pronounced and the trial court never ruled on the objections he raised), and Widdifield v. Commonwealth, 43 Va.App. 559, 562-63, 600 S.E.2d 159, 161-62 (2004) (en banc) (in a revocation proceeding in which the trial court ruled the defendant was not entitled to credit for twelve months she previously served in jail as a condition of the suspension of a two-year prison sentence, during which defense counsel said first, “I understand,” and then said, without elaboration, “I’m not sure *254 that’s how it works,” holding counsel’s remarks did not make clear what relief, if any, counsel desired and, thus, “[a]ppellant failed to state an objection ‘together with the grounds therefor’ at the time of the ruling”).
The majority’s assertion in footnote 8 that “contempt orders ‘orally pronounced from the bench’ are immediately effective and enforceable” is correct as far as it goes, but what the majority does not make clear is that the principle upon which this language is based applies to all judgments, not just those for contempt. Rollins v. Bazile, 205 Va. 613, 616-17, 139 S.E.2d 114, 116-17 (1964) (involving trial for contempt following Rollins’s “refusing to ... submit to an examination by a physician appointed by the court to determine whether he was physically able to appear in court and testify”). Further, in deciding Rollins, the Court noted the relevant sequence of events in that case included not only the oral pronouncement of the ruling but also the spreading of an unsigned order memorializing that ruling on the order book on a particular day. Id. at 618, 139 S.E.2d at 118. On those facts, the Court held that the lack of the judge’s signature on the order was not dispositive and that “[t]he copy of the order of conviction spread on the order book under date of August 6, 1963, was notice to the petitioner [Rollins] of the judicial determination of the matter,” after which, in fact, he filed a timely petition for appeal and motion for bond pending appeal. Id. at 617-18, 139 S.E.2d at 117-18. Thus, to the extent that all oral rulings are immediately effective and enforceable, this fact does not negate the principle that the date of the court’s endorsement of the order, or the date it is spread on the order book without endorsement, is the date from which other relevant time periods are calculated, i.e., the 21-day time limit of Rule 1:1 or the date of effectiveness of a prematurely filed notice of appeal. Cf. Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005) (“[W]e point out that the Rollins principle does not affect the rule that: ‘A court speaks only through its orders.’ ” (quoting Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964))).
*255 Here, appellants presented their objections to the summary nature of the proceedings in their motions to stay execution of sentence. Although the motions for stay were filed after the trial court’s oral pronouncement of sentence and after appellants filed their notices of appeal, the notices of appeal did not take effect until after the trial court entered the written order memorializing its contempt rulings and sentences. The trial court expressly stated that, before it entered the contempt order on July 19, 2006, it read appellants’ motions for stay. The trial court clearly was aware of appellants’ claims that the contempt proceedings were not in fact summary proceedings and, thus, that they should have been afforded various rights including time to obtain counsel and prepare a defense. The judge had ample notice and opportunity to correct the alleged error before entering the final order but opted to take no action because, as she later detailed on the record in denying the motions for stay, she believed summary proceedings were proper and that appellants received all the rights to which they were entitled.
The Supreme Court’s recent holding in Nusbaum does not support a different result. In Nusbaum, the Court relied on dual grounds for concluding his due process objections were barred by that Court’s Rule 5:25. 273 Va. at 404, 641 S.E.2d at 504. It emphasized that Nusbaum did not raise his due process objections for the first time until more than two months after the court found him in contempt and that he never requested a ruling on those objections, stating instead, each time he asserted his objections, that he was not asking the court to change its ruling. Id. at 404, 641 S.E.2d at 504. The Court also emphasized that the trial court in fact never ruled on any aspect of the due process objections Nusbaum attempted to raise on appeal. Id. at 403-04, 641 S.E.2d at 504. The Court held that because “Nusbaum did not afford the circuit court an opportunity to rule intelligently on the due process issues that he now raises,” those issues were “therefore waived on appeal.” Id. at 406, 641 S.E.2d at 505.
The holding in Nusbaum is readily distinguishable from appellants’ cases. Here, during the very first stage of the *256 contempt proceedings on July 12, Scialdone specifically inquired about the nature of the proceedings, whether the contempt was civil or criminal, and said, “I may want a lawyer.” In response, the trial court ruled that the proceedings were for summary contempt. Although Scialdone did not pursue the issue further at that point, the men objected generally to the contempt findings and punishment pronounced orally on July 14. Further, within four days after the court’s oral pronouncement of appellants’ contempt sentences and two days before the trial court entered the order memorializing its contempt findings, appellants filed motions challenging those findings on the merits based on the specific due process claims they assert on appeal. Although these challenges were made via motions to stay execution of their sentences, the contents of the motions made clear that appellants challenged the validity of their convictions and specifically articulated their reasons for that belief. Further, unlike Nusbaum, who twice specifically disclaimed a desire to have the trial court rule on his objections, the appellants never indicated that they did not wish to have the trial court consider their due process arguments and in fact attempted to obtain a prompt ruling on the motions by the trial court, albeit in the context of seeking a stay of execution of their sentences. Finally, and key in distinguishing the two cases, in a proceeding held on the record, the trial court made clear it read those motions—and, thus, was aware of the appellants’ due process claims—before it entered the July 19, 2006 order finding appellants in contempt. Unlike in Nusbaum, appellants “afford[ed] the circuit court an opportunity to rule intelligently on the due process issues that [they] now raise[ ],” id., thereby satisfying the requirements of Rule 5A:18.
III.
Thus, contrary to the position taken by the majority, appellants assumed “responsibility] for advancing the facts and arguments entitling them to relief,” see Greenlaw v. United States, — U.S.-,-, 128 S.Ct. 2559, 2564, 171 L.Ed.2d 399 (2008) (citation omitted), and “presented] [those argu *257 ments] to the court[] in [an] appropriate manner at [an] appropriate time for adjudication,” see Sanchez-Llamas v. Oregon, 548 U.S. 331, 356, 126 S.Ct. 2669, 2685, 165 L.Ed.2d 557 (2006). To hold that our consideration of this issue on appeal is somehow “[un]fair[ ] to the trial judge” because it “put[s] a different twist on a question that is at odds with the question presented to the trial court,” see Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999), is patently wrong, and this principle should not be used to bar consideration of this appeal on the merits.
On the merits, for the reasons set out in the panel’s majority opinion, I continue to believe each appellant was denied his right to due process in proceedings that clearly exceeded the bounds appropriate for summary contempt. Scialdone, 51 Va.App. at 710-24, 660 S.E.2d at 332-40. I also continue to believe remand for retrial of Scialdone and Taylor in proceedings comporting with due process would not offend double jeopardy principles. See id. at 724-27, 660 S.E.2d at 340-41.

. Scialdone and Taylor filed their notices of appeal on Friday, July 14. Jones filed his notice of appeal on Tuesday, July 18.