COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Alston
Argued at Richmond, Virginia


TYNESHA CHAVIS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1762-10-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                          APRIL 5, 2011
HOPEWELL DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Samuel E. Campbell, Judge

Brad P. Butterworth for appellant.

Joan M. O'Donnell (Rosalyn Vergara, Guardian *ad litem* for the
minor children, on brief), for appellee.  Guardian *ad litem*
submitting on brief.


Tynesha Chavis ("mother") appeals from an order of the Circuit Court of the City of

Hopewell ("circuit court") granting the Hopewell Department of Social Services' ("DSS")

motion to dismiss mother's appeals from the Juvenile and Domestic Relations District Court of

the City of Hopewell ("JDR court").  On appeal, mother contends that the circuit court erred in

dismissing her notices of appeal from the JDR court's adjudicatory orders ruling that the appeals

were premature and that, as a result, the jurisdiction of the circuit court did not attach.  For the

reasons that follow, we affirm the decision of the circuit court dismissing mother's appeals.

FACTS

On March 8, 2010, DSS filed four petitions in the JDR court pursuant to Code

§§ 16.1-262 and 16.1-263 alleging that mother's four minor children:  Q., born May 15, 2003;

K., born February 19, 2005; V., born June 21, 2006; and S., born October 13, 2007, were abused

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and neglected. The petitions requested that the JDR court enter child protective orders and/or emergency removal orders for each child and that it grant temporary custody of each child to DSS. The allegations of abuse and neglect against mother initially grew out of S.'s hospital admission on March 7, 2010. S. was found to have a fractured femur, lacerated liver, and other injuries indicative of abuse. The petitions to remove the children from mother's custody alleged that mother did not provide a "plausible explanation" for the injuries to hospital officials or to DSS.

On March 8, 2010, the same day DSS filed the petitions, the JDR court granted them. It also entered an emergency removal order for each child pursuant to Code § 16.1-251, and placed the children in the temporary legal custody of DSS. The orders also set hearings for March 15, 2010 to determine whether the children should be removed from mother's home pending further proceedings before it regarding the children's welfare.

On March 15, 2010, the JDR court granted DSS's petitions for the preliminary removal of the children from mother's custody, granting temporary legal custody to DSS. It also granted mother and each child's father reasonable visitation with the children.[1] The JDR court also scheduled adjudicatory hearings for April 14, 2010 on DSS's petitions alleging mother abused or neglected the children. The adjudicatory hearings were subsequently continued to May 27, 2010.

On May 27, 2010, the JDR court found mother had abused and neglected each of the children. It entered a separate adjudicatory order for abuse or neglect for each child. Those orders scheduled a dispositional hearing for each child on June 24, 2010 and directed DSS to provide the JDR court with foster care plans for each child. The orders also contained the following language:

---

[1] The children have different fathers. Q.'s, V.'s, and S.'s father is W.B. K's father is K.W.

AS THE COURT FINDS CLEAR AND CONVINCING EVIDENCE THAT THE MOTHER SUBJECTED THE CHILD TO AGGRAVATED CIRCUMSTANCES BY CONDUCT RESULTING IN SERIOUS INJURY TO THE CHILD OR BY FAILURE TO PROTECT THE CHILD FROM SUCH CONDUCT, DSS IS NOT REQUIRED TO MAKE REASONABLE EFFORTS TO REUNITE THE CHILD WITH THE MOTHER.

On June 1, 2010, counsel for mother provided the clerk of the JDR court with notices of appeal for each child using Form DC-581 "NOTICE OF APPEAL – Juvenile Civil Appeals." The four DC-581 forms, signed by mother's counsel, state that the appeal is from "the *final dispositional* order of [the JDR court] to the circuit court of this county or city." (Emphasis added). At the time mother's counsel signed the DC-581 forms noting her appeals, the JDR court had not entered dispositional orders. Additionally, mother's counsel did not include the names of counsel for DSS or the children's guardian *ad litem* on the DC-581 forms, and no copies of the DC-581 forms were provided to either counsel. Based on the receipt of the DC-581 forms, the circuit court clerk set the cases for the circuit court's June 8, 2010 term day scheduling docket. However, on June 7, 2010, the day prior to term day, the circuit court clerk returned the record to the JDR court with the notation that the appeals were not taken from a final order, rendering each appeal invalid.

Subsequently, on June 24, 2010, the JDR court held the previously scheduled dispositional hearings in the children's cases and reviewed the initial foster care service plan filed by DSS for each child. The JDR court entered a dispositional order for each child on July 16, 2010, wherein it found mother had abused and neglected the children, and approved DSS's foster care plan with the goal of relative placement/adoption for each child. It also scheduled a foster care review hearing for each child on December 15, 2010. Mother did not note an appeal from the dispositional orders. However, the JDR court records were again forwarded to the circuit court.

Thereafter, on July 26, 2010, the circuit court clerk sent notices to mother's counsel, DSS, and the children's guardian *ad litem* that the cases were set on the circuit court's August 10, 2010 term day scheduling docket. On August 3, 2010, DSS, joined by the children's guardian *ad litem*, filed a motion to dismiss the appeals. DSS and the children's guardian *ad litem* argued that mother's notices of appeal were invalid because no notices of appeal were filed from the final dispositional orders. They asserted that the attempt to appeal the adjudicatory orders entered May 27, 2010, was ineffective as those orders were not final appealable orders. Mother filed a "Motion on Behalf of Right to Appeal" in the circuit court on August 4, 2010.

The parties argued their respective motions before the circuit court on August 10, 2010. DSS and the children's guardian *ad litem* argued that the circuit court did not acquire jurisdiction over the cases because the appeals were not taken from final orders of the JDR court. Specifically, they asserted that mother failed to note appeals from the dispositional orders entered June 24, 2010. Mother argued that Supreme Court Rule 5:9(A) allows for premature notices of appeal.[2]

On August 10, 2010, after hearing argument from the parties, the circuit court held that mother's appeals were not timely filed and dismissed them. It held that mother's notices of appeal from the adjudicatory orders were ineffective because the adjudicatory orders were not final orders and therefore not appealable. In dismissing mother's appeals, the circuit court stated that because "no final or dispositional order had been entered in this matter in accordance with Va. Code § 16.l-296 as of the date of the Notice of Appeal and that [the circuit court] is therefore without jurisdiction to proceed on the Notice of Appeal."

---

[2] Mother's assertion that Rule 5:9(A) allows for premature filing of notices of appeal in the circuit court from orders of the JDR court is misplaced. Rule 5:9(A) only applies to proceedings in the Supreme Court. See Rule 5:1(a) ("Part Five governs all proceedings in the Supreme Court of Virginia."). Rule 8:20 governs appeals from the JDR court to the circuit court.

ANALYSIS

Rule 8:20 of the Rules of the Supreme Court of Virginia governs the procedure for appealing a final judgment from the JDR court to the circuit court. Rule 8:20 provides: "All appeals shall be noted in writing. An appeal is noted only upon timely receipt in the clerk's office of the writing. An appeal may be noted by a party or by the attorney for such party."[3] If the requirements of Rule 8:20 are not followed, the circuit court does not obtain jurisdiction over the matter, requiring that the appeal be dismissed. See Jones v. Div. of Child Support Enforcement, 19 Va. App. 184, 191, 450 S.E.2d 172, 176 (1994) (dismissing appeal for failure to comply with Rule 8:20).

The General Assembly has specifically provided that only final orders of the JDR court may be appealed to the circuit court.[4] Code § 16.1-296(A) provides, in pertinent part: "From any *final* order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a *final* judgment, order or conviction and shall be heard de novo." (Emphasis added). A dispositional order, entered by a juvenile court after a dispositional hearing, is a final

---

[3] See Va. Const. art. VI, § 5 ("The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly.").

[4] Mother's counsel signed DC-581 forms noting mother's appeal from the JDR court *adjudicatory orders*. Form DC-581 specifically provides that it is used to notice an "appeal of the final *dispositional order*." (Emphasis added). At oral argument before this Court, mother's counsel represented that the practice of the Hopewell JDR court clerk's office was to place copies of documents in opposing counsel's mailbox in the clerk's office. Even assuming without deciding that local practice, if followed, constituted effective notice to opposing counsel that an appeal had been noted, mother's counsel failed to include the names of the guardian *ad litem* and counsel for DSS on the appeal forms, reducing the likelihood of their receiving notice of mother's appeals. Neither counsel for DSS nor the children's guardian *ad litem* received notice of the appeals, each learning of the attempted appeals on receipt of a notice from the circuit court clerk to appear on term day to set the cases for hearing in that court. Mother's counsel never filed notices of appeal from the final dispositional orders.

order for purposes of appeal. See Code § 16.1-278.2(D) ("A dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with § 16.1-296."); Code § 16.1-296(A) ("orders entered pursuant to § 16.1-278.2 [(dispositional orders)] are final orders from which an appeal may be taken").

From a plain reading of the applicable code sections, adjudicatory orders entered by a JDR court in child abuse and neglect cases are not final orders for purposes of appeal because they are not entered pursuant to Code § 16.1-278.2 as required by the General Assembly. See Richmond Dep't of Soc. Servs. v. Petersburg Dep't of Soc. Servs., No. 2261-05-2, 2006 Va. App. LEXIS 263 (Va. Ct. App. June 13, 2006) (concluding preliminary removal orders, adjudicatory orders, and orders of transfer, all entered pursuant to Code §§ 16.1-251 and 16.1-252, are not appealable orders). The record on appeal presented to this Court establishes that the dispositional orders, the final orders, were not entered until July 16, 2010. Mother never appealed those orders. The filing of the DC-581 dispositional order appeal forms on June 1, 2010 was premature because there were no final orders from which mother could appeal at that time.

Accordingly, we hold that the circuit court did not err in dismissing each of mother's appeals.

                                                                                    Affirmed.

Alston, J. concurring.

Because I agree that mother failed to effectively and timely note her appeal from a final order of the JDR court as required by Code § 16.1-296(A), I concur in the thoughtful analysis and well-reasoned result reached by the majority. However, I write separately to emphasize the serious effects of orders addressing the relationship of parents and children in the JDR courts and that JDR final dispositions appealed to the circuit court without question continue to implicate fundamental liberty interests.

As the Supreme Court of the United States has recognized, "the interest of parents in the care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000); see also Haase v. Haase, 20 Va. App. 671, 681, 460 S.E.2d 585, 589 (1995) ("We recognize that questions of child custody, whether in a divorce proceeding or a civil action by the Commonwealth, involve a fundamental liberty interest of the parent."). Moreover, "[t]he termination of parental rights is a grave, drastic, and irreversible action. When a court orders termination of parental rights, the ties between the parent and child are severed forever, and the parent becomes 'a legal stranger to the child.'" Lowe v. Dep't of Pub. Welfare of City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986) (quoting Shank v. Dep't of Soc. Servs., 217 Va. 506, 509, 230 S.E.2d 454, 457 (1976)).

While the JDR court did not terminate mother's parental rights in the instant case, the final dispositional order stated a foster care plan goal of relative placement/adoption. Furthermore, the dispositional order stated that, pursuant to Code § 16.1-281, the Department of Social Services was not required to make reasonable efforts to return the children to mother's care, as mother subjected the children to "aggravated circumstances." See Code § 16.1-281(B) (stating that "[t]he local board or other child welfare agency having custody of the child shall not

be required by the court to make reasonable efforts to reunite the child with a parent if the court finds that . . . based on clear and convincing evidence, the parent has subjected any child to aggravated circumstances . . .").  Thus, it cannot be seriously contested that mother's interest in the custody of her children was severely curtailed by the dispositional order, the *final order* in this bifurcated proceeding.

Considering the significant and often irreversible action taken in cases resolving the relationship between parent and child, prudence favors the advancement of this fundamental liberty interest as effectuated through parents' ability to appeal JDR court orders.  This general premise is not without a corresponding analytical framework in other contexts.  In this regard, I note that in situations where a litigant prematurely files a notice of appeal from the Court of Appeals to the Supreme Court of Virginia or from a circuit court to the Court of Appeals, the Rules of the Supreme Court of Virginia and Virginia precedent appear to be more relaxed.  See Rule 5:9(a) (stating that "[a] notice of appeal filed after the court announces a decision or ruling – but before the entry of such judgment or order – is treated as filed on the date of and after the entry"); Saunders v. Commonwealth, 12 Va. App. 154, 155, 402 S.E.2d 708, 709 (1991) (holding that the appellant's premature filing of his notice of appeal did not deprive the Court of Appeals of jurisdiction over his appeal, where the appellant filed a notice of appeal following the trial court's oral pronouncement of sentence but prior to the entry of the sentencing orders).

Notwithstanding the foregoing authority regarding appeals from the Court of Appeals to the Supreme Court of Virginia or from a circuit court to the Court of Appeals, no corresponding authority allows a circuit court to consider an appeal from the JDR court where the notice of the appeal is prematurely filed.  Because in the instant case mother prematurely filed her notice of appeal before the entry of the dispositional order, I join in the result of the majority.