UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, McCullough and Senior Judge Clements
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STEPHEN R. McCULLOUGH

v.      Record No. 0741-13-3

SEPTEMBER 10, 2013

SHANNON SMITH MITCHELL


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellant.

Melissa P. Keen (Furrow & Keen, P.C., on brief), for appellee.


In this pretrial appeal, the Commonwealth challenges the trial court's order granting

suppression of evidence seized from the defendant. We also ordered the parties to brief the

question of whether the Commonwealth's appeal was timely filed. We conclude that the

Commonwealth's appeal is properly before us. We further reverse the order of suppression and

remand the case for further proceedings.

BACKGROUND

Kevin Glenn Bowling, a loss prevention associate at a Wal-Mart store in Roanoke

County, observed the appellee, Shannon Smith Mitchell, place items of clothing in her cart. At a

separate location in the store, Mitchell removed the hangers from the clothing and placed the

clothing in her purse. Before leaving, Mitchell paid for a small item but did not pay for the

clothing concealed in her purse. Bowling approached Mitchell in the parking lot and asked about

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the merchandise, but she ignored him. She climbed into the passenger seat of a truck, and the vehicle drove away. Bowling obtained a description and a license plate number for the truck. He then called the police.

Corporal Terry Scott Dameron, with the Franklin County Sheriff's Office, observed a suspect vehicle matching a description he had received earlier from his dispatcher. He stopped the vehicle and asked Mitchell whether there was anything stolen in the vehicle. She handed him a bag containing some clothing. Mitchell stated that she had stolen the items from Wal-Mart, but that she would go back and pay for them. After she handed him the bag, he asked her if there was anything else illegal in the vehicle, such as guns or drugs. Mitchell stated that there was a "crack stem" in her purse. She retrieved it and handed it over to Corporal Dameron. Mitchell indicated that she used it to smoke crack cocaine. Corporal Dameron seized her purse and found additional incriminating evidence suggestive of drug use. He placed her under arrest for possession of cocaine.

Mitchell was charged in Franklin County with possession of cocaine. She moved to suppress the evidence, arguing that the stop was not supported by reasonable suspicion and, further, that the statements she made were obtained in violation of her Fifth Amendment rights.

On February 20, 2013, the trial court held a hearing on the motion. At the conclusion of the hearing, the court ordered the parties to file briefs setting forth their respective positions. A transcript of the hearing was filed in the trial court on February 28, 2013. The record does not reveal who filed this transcript.

On March 28, 2013, the trial court issued a detailed memorandum opinion. The court first held that the stop was reasonable because it was based on reasonable articulable suspicion. Second, the court held that after Mitchell admitted to stealing the clothes and handed the clothing to the officer, she was in custody for Miranda purposes. Mitchell's subsequent statements about

- 2 -

a crack stem in her purse were made while she was in custody and without the benefit of Miranda warnings. The court ruled that "[a]ll statements made by Mitchell and evidence of other crimes found after she admitted the thefts from Wal-Mart should be excluded." The court declined to apply the doctrine of inevitable discovery. The court reasoned that had the defendant been arrested on some other charge, such as possession of stolen property, "inevitably the contents [of her purse] would have been found during the processing." However, the court found, she was not taken for processing on any charge except the possession of cocaine. The court then issued an order on April 9, 2013, granting Mitchell's motion to suppress.

On April 4, 2013, the Commonwealth filed a motion to reconsider. The court denied that motion on April 12, 2013. The Commonwealth filed its notice of appeal four days later, on April 16, 2013, and filed a notice of filing of transcript on the same date. The Commonwealth filed its petition for appeal on April 30, 2013.

## ANALYSIS

### I. TIMELINESS OF THE COMMONWEALTH'S APPEAL

As a preliminary matter, this Court directed the parties to brief the following question:

> In a case where, as here, (i) the transcript was filed prior to the entry of the order being appealed, (ii) a notice of filing transcript was filed after the entry of the order being appealed, and (iii) the petition for appeal was filed within 14 days of filing the post-order notice but not within 14 days of filing the pre-order transcript, has the Commonwealth filed a timely petition for appeal?

Several considerations guide our reading of the applicable statutes. First, because the right to appeal by the Commonwealth is in derogation of the general prohibition against appeals by the Commonwealth, this right "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (citations omitted). At the same time, we will not construe a statute in a manner that "leads to absurd results." Bowling v.

- 3 -

Commonwealth, 51 Va. App. 102, 109, 654 S.E.2d 354, 358 (2007) (citation omitted).  In addition, "[i]t is a cardinal rule of construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished." Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 8 (1957).  The object of all of these canons of statutory construction "is to ascertain and give effect to legislative intent." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

Code § 19.2-402(B) provides that "[t]he petition for a pretrial appeal shall be filed with the clerk of the Court of Appeals not more than 14 days after the date that the transcript . . . is filed."  Read in isolation, this provision would require us to dismiss this appeal:  the transcript was filed on February 28, 2013, and the petition for appeal was filed in our Court on April 30, 2013, more than 14 days after the transcript was filed.  The issue, however, is not so simple.  At the time the transcript was filed, the court had not even ruled on the motion to suppress.  The court did not rule on the suppression motion until April 9, 2013, more than 14 days after the transcript was filed.  It is not clear how the Commonwealth can file a petition for appeal from a ruling that has not even occurred.

Code § 19.2-405 provides an important clue concerning the General Assembly's intent with regard to the filing of the transcript.  Code § 19.2-405 provides that "[t]he transcript or written statement of facts shall be filed by the Commonwealth with the clerk of the circuit court from which the appeal is being taken, within 25 days *following entry of the order of the circuit court*."  (Emphasis added).  It is thus plain that the General Assembly contemplated, logically enough, that the transcript in a pretrial appeal filed by the Commonwealth would be filed *after* the entry of an order granting suppression.  Here, the transcript was filed *before* the court ruled.  The question is how to apply Code § 19.2-402(B) when the sequence of events contemplated by the General Assembly has not occurred.  A strict, literal reading of the 14-day transcript filing

- 4 -

requirement of Code § 19.2-402(B) would lead to absurd results.  It would serve no purpose to require the Commonwealth to go through the meaningless exercise of filing a second, identical transcript.[1]

In addition, we note the purpose behind the strict timelines governing pretrial appeals filed by the Commonwealth.  A defendant who succeeds in suppressing evidence often is incarcerated.  Even if he is not, the pending prosecution constitutes an omnipresent and disruptive concern.  As for the victims of crime who need redress, a long delay ill serves their interests.  The expedited deadlines governing pretrial appeals allow for the prompt determination of whether a prosecution can effectively move forward or whether a defendant should be released.  The point of these statutory deadlines, however, is not formality for formality's sake.[2]

Finally, the General Assembly has chosen to provide those who represent the people of the Commonwealth with a limited right to appeal.  We decline to read the Code in a way that pointlessly frustrates this policy objective.

---

[1] It is also worth noting that a transcript is not necessary for the appellate court to acquire jurisdiction over an appeal.  Smith v. Commonwealth, 281 Va. 464, 470, 706 S.E.2d 889, 893 (2011).  It is possible that there might be no transcript at all, for example where a case proceeds on stipulations or turns on a pure legal question.

[2] The dissent, citing cases, notes that "in countless cases, this Court has dismissed appeals for failure to comply with the strict letter of the statutes or rules governing appeals."  Those cases are irrelevant to the specific issue before us.  We have not interpreted appellate rules and statutes with unmitigated harshness toward either defendants or the Commonwealth.  See, e.g., Whitt v. Commonwealth, 61 Va. App. 637, 739 S.E.2d 254 (2013) (holding that the harsh remedy of dismissal was unwarranted and allowing appellants to amend an assignment of error to bring it into conformity with the rules of court); Chatman v. Commonwealth, 61 Va. App. 618, 739 S.E.2d 245 (2013) (refusing to dismiss an appeal because the appellant initially failed to set forth alongside the assignment of error the specific place in the transcript where the issue was preserved).  Whether dismissal is warranted, including in appeals brought by the Commonwealth, depends on the statute or rule at issue.  Compare Commonwealth v. Hackett, 2008 Va. App. LEXIS 120 (Va. Ct. App. Mar. 11, 2008) (unpublished) (holding that the Commonwealth's failure to make the certification under Code § 19.2-400 was not a jurisdictional defect requiring dismissal), with Commonwealth v. Hawkins, 10 Va. App. 41, 390 S.E.2d 3 (1990) (dismissing appeal because outside the scope of appeals permitted by Code § 19.2-398(2)).

We hold that a transcript is timely filed for purposes of Code § 19.2-405 when it is filed before the entry of the order appealed from. We further hold that when the transcript is filed early in pretrial appeals filed by the Commonwealth, the petition for appeal is timely filed if it is filed within 14 days of the filing of the notice of appeal. This conclusion accords with Rule 5A:8(b)(1), which provides as a default rule in ordinary appeals that when the transcript is filed before the order that is being appealed, the filing deadlines are triggered by the filing of the notice of appeal. The Commonwealth filed its petition for appeal within 14 days of the filing of the notice of appeal, and, therefore, the appeal is properly before us.[3]

II. THE TRIAL COURT ERRED IN SUPPRESSING THE PHYSICAL EVIDENCE SEIZED FROM THE DEFENDANT.

The Commonwealth does not appeal the trial court's suppression of the defendant's statements. It does, however, contend that the trial court erred in refusing to apply the doctrine of inevitable discovery with regard to the physical evidence seized from the defendant.[4] Although we will "defer to the trial court's factual findings unless plainly wrong or without evidence to support them," we will "review the ultimate question of law, the application of the inevitable discovery

---

[3] We acknowledge that Code § 19.2-405 does not expressly address the effect of an early transcript filing. Saunders v. Commonwealth, 12 Va. App. 154, 402 S.E.2d 708 (1991), is instructive in this regard. In Saunders, we held that a prematurely filed notice of appeal was timely. At the time Saunders was decided, our rule governing the filing of a notice of appeal did not contain the language currently found in Rule 5A:6(a), that "[a] notice of appeal filed after the court announces a decision or ruling – but before the entry of such judgment or order – is treated as filed on the date of and after the entry." Saunders indicates that premature filings do not necessarily compel dismissal, even when the language of the applicable rule does not address the impact of the premature filing. Saunders, 12 Va. App. at 154, 402 S.E.2d at 708.

[4] We note that the exclusionary rule does not apply to physical evidence discovered as a result of a Miranda violation. United States v. Patane, 542 U.S. 630, 634, 644-45 (2004) (plurality and concurring opinions). "In short, the privilege against self-incrimination is simply 'not concerned with nontestimonial evidence.'" Rowley v. Commonwealth, 48 Va. App. 181, 183, 629 S.E.2d 188, 189 (2006) (quoting Oregon v. Elstad, 470 U.S. 298, 304 (1985)). The Commonwealth did not argue this point at trial. Accordingly, we do not address it here.

doctrine, *de novo*." Copeland v. Commonwealth, 42 Va. App. 424, 437, 592 S.E.2d 391, 397 (2004).

Even though the police may have illegally seized evidence, the suppression remedy should not be applied when that evidence would inevitably have been discovered. Nix v. Williams, 467 U.S. 431, 444 (1984). The United States Supreme Court has explained that the premise behind the application of the exclusionary rule is that "the challenged evidence is *in some sense* the product of illegal governmental activity." Id. (quoting United States v. Crews, 445 U.S. 463, 471 (1980)). "If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received." Id.

When relying on the doctrine of inevitable discovery, the Commonwealth must show, first, a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct and, second, that the leads making the discovery inevitable were possessed by the police at the time of the misconduct. Commonwealth v. Jones, 267 Va. 532, 536-37, 593 S.E.2d 204, 207 (2004).

The trial court found that "had [Mitchell] been arrested on some other charge such as possession of stolen property in Franklin County, and taken to the Franklin County Sheriff's office for processing, inevitably the contents [of her purse] would have been found during the processing." The court reasoned, however, that the inevitable discovery rule did not apply because Mitchell was not, in fact, arrested for possession of stolen property.

Under our precedent, it is "legally irrelevant" that Mitchell was arrested for a particular crime if the officer had probable cause to arrest her for a different crime. See Slayton v. Commonwealth, 41 Va. App. 101, 110, 582 S.E.2d 448, 452 (2003). Indisputably, the officer here had probable cause to arrest Mitchell for stealing merchandise from Wal-Mart. Probable cause to

arrest provides the officer with the authority to search incident to arrest.  See United States v.

Robinson, 414 U.S. 218, 224 (1973).  The search may take place before or after the arrest.

Italiano v. Commonwealth, 214 Va. 334, 336, 200 S.E.2d 526, 528 (1973).  Corporal Dameron

had a right to search her as soon as he had probable cause to arrest.  The record establishes by a

preponderance of the evidence a reasonable probability that the evidence in question would have

been discovered by lawful means but for the police misconduct and that the leads making the

discovery inevitable were possessed by the police at the time of the misconduct.[5]

CONCLUSION

We reverse the judgment of the trial court suppressing the physical evidence seized from

the defendant, and we remand the case for further proceedings.

Reversed and remanded.

---

[5] Neither party, either in the trial court or on appeal, made any mention of Code § 19.2-74 and what impact this statute might have on the Fourth Amendment inevitable discovery analysis in a situation like this one.  Accordingly, we will not address the issue.

Alston, J., dissenting.

I respectfully dissent from the majority's holding that the Commonwealth timely filed its petition for appeal in this case. Under the plain language of Code §§ 19.2-402(B) and -405, the Commonwealth's filing of its petition for appeal was not timely.[6]

Code § 19.2-402(B) sets forth certain procedural requirements that the Commonwealth's petition for a pretrial appeal must meet. It states, in pertinent part:

> The petition for a pretrial appeal shall be filed with the clerk of the Court of Appeals not more than 14 days after the date that the transcript or written statement of facts is filed, or if there are objections thereto, within 14 days after the judge signs the transcript or written statement.

Code § 19.2-402(B). In order for this Court to acquire jurisdiction over a criminal appeal, the petitioner must file a timely petition. Long v. Commonwealth, 7 Va. App. 503, 506, 375 S.E.2d 368, 369 (1988) (*en banc*) (decided in the context of the 40-day limit for filing a petition for appeal under Rule 5A:12(a)).

Additionally, Code § 19.2-405 sets forth certain requirements for the filing of the transcript or written statement of facts in a pretrial appeal. It provides, in pertinent part, "The transcript or written statement of facts shall be filed by the Commonwealth with the clerk of the circuit court from which the appeal is being taken, within 25 days following entry of the order of the circuit court." Code § 19.2-405.

To determine whether the Commonwealth's petition for appeal was timely filed in this case, we must interpret Code §§ 19.2-402(B) and -405. "The primary objective of statutory construction is to determine legislative intent. In determining that intent, words are to be given their ordinary meaning, unless it is apparent that the legislative intent is otherwise." Phelps v.

---

[6] Because I would hold that the Commonwealth's petition for appeal was not timely filed, I would not reach the merits of this case. As a result, I express no opinion on the majority's holding in Part II of its analysis.

- 9 -

Commonwealth, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008) (citations omitted). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Virginia appellate courts have

> repeatedly . . . stated the principles of statutory construction that apply when a statute . . . is clear and unambiguous. In such circumstances, a court may look only to the words of the statute to determine its meaning. The intention of the legislature must be determined from those words, unless a literal construction would result in a manifest absurdity. Thus, when the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it actually has expressed.

Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998) (citations omitted), quoted in Paugh v. Henrico Area Mental Health & Dev. Servs., 286 Va. 85, 89, 743 S.E.2d 277, 279 (2013).

In addition, as the majority correctly states, because Commonwealth's pretrial appeals are "in derogation of the general constitutional prohibition against appeals by the Commonwealth," the statutes governing such appeals "'must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (quoting Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987)). However, while the majority notes this principle, it does not apply it in interpreting Code §§ 19.2-402(B) and -405.

In my view, the concept of strict construction imposes a duty to limit or restrict judicial interpretation. Strict construction requires this Court to apply the text of a statute only as it is written. Once we identify a clear meaning of the text of the statute, no further analysis of the statute under consideration is required. Thus, we are bound to avoid drawing inferences from the statute and focus only on the text itself.

Applying these principles, I would hold that the Commonwealth's petition for appeal was not timely filed under Code § 19.2-402(B). In the case at bar, the transcript of the hearing on the motion to suppress was filed on February 28, 2013. The Commonwealth did not file its petition for appeal until April 30, 2013, well beyond fourteen days after the transcript was filed. The plain language of Code § 19.2-402(B) provides that the petition for appeal "shall be filed with the clerk of the Court of Appeals not more than 14 days after the date that the transcript or written statement of facts is filed." The statute is unambiguous. It also makes no exception for a situation where the transcript is filed before the entry of the trial court's order. Thus, under the plain language of the statute and construing the statute strictly against the Commonwealth, as we must, I would hold that the petition for appeal must be filed no more than fourteen days after the date that the transcript or written statement of facts is filed, without exception.

The majority declines to interpret the statute according to its plain language because doing so, the majority believes, would result in an absurdity. I disagree. Citing to the general principle that a court should not construe a statute in a manner that "'leads to absurd results,'" Bowling v. Commonwealth, 51 Va. App. 102, 109, 654 S.E.2d 354, 358 (2007) (quoting Auer v. Commonwealth, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005)), the majority cobbles together a very cogent and sound process to allow the Commonwealth to save its appeal. Respectfully, however, I suggest that "absurdity" does not inquire as to what may be more efficient or productive; rather, our goal in construing statutes is to "ascertain and give effect to legislative intent." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). I submit that the legislative intent of Code § 19.2-398 was to give the Commonwealth the decidedly unique ability to appeal certain trial court rulings in a criminal case, and, if the Commonwealth fulfills its obligations under the statutes governing Commonwealth's pretrial appeals, there is no absurdity in the process created by the legislature.

- 11 -

More specifically, if the Commonwealth had merely complied with the statutory scheme created by the General Assembly to govern Commonwealth's pretrial appeals in the instant case, the Commonwealth would have been able to file its petition for appeal in compliance with the statutes, and no absurdity would result. As noted earlier, Code § 19.2-405 provides, "The transcript or written statement of facts shall be filed by the Commonwealth with the clerk of the circuit court from which the appeal is being taken, within 25 days *following* entry of the order of the circuit court." (Emphasis added). Thus, the plain language of Code § 19.2-405 provides that the transcript should be filed *after* the trial court enters its order. See Merriam-Webster's Collegiate Dictionary 486 (11th ed.) (defining "follow" as "to go, proceed or come after" and "following" as "subsequent to"). Code § 19.2-405 also places the burden on the *Commonwealth* to file the transcript or written statement of facts. With this duty comes the responsibility to ensure that the transcript is timely filed, in accordance with Code § 19.2-405.[7]

I appreciate that the Commonwealth finds itself in a difficult position in this case because it failed to comply with Code § 19.2-405, and, therefore, the fourteen-day period for filing the petition for appeal found in Code § 19.2-402(B) ran before the trial court entered its order.

---

[7] This Court has often emphasized the duty of appellants to comply with all of the requirements for the filing of the transcript, even in difficult circumstances, outside the context of Commonwealth's pretrial appeals. See, e.g., Friel v. Commonwealth, No. 1346-10-2, 2011 Va. App. LEXIS 217 (Va. Ct. App. June 28, 2011) (affirming appellant's conviction pursuant to Rule 5A:8 where appellant failed to file a complete transcript because, "whether due to human error or equipment failure, a portion of appellant's trial was not recorded and, thus, could not be transcribed by the court reporter," and "[a]lthough nothing in the record indicate[d] this failure was attributable to appellant, he nevertheless bore the burden of presenting on appeal a record of the trial court proceedings sufficiently complete to allow [the Court] to determine whether the trial court erred in the manner he claims"); Doggett v. Commonwealth, No. 1522-04-2, 2005 Va. App. LEXIS 405 (Va. Ct. App. Oct. 11, 2005) (affirming appellant's conviction pursuant to Rule 5A:8 where appellant failed to file a complete transcript because "[d]ue to a malfunctioning recording device, the testimony of [three witnesses] were not recorded and are therefore not in the record," and "[a]lthough appellant was not responsible for the tape malfunction, he is responsible for providing the Court with a narrative statement or statement of facts in the event a complete transcript is unavailable").

However, "difficulty is not absurdity." Bonner v. Commonwealth, 62 Va. App. 206, 216, 745 S.E.2d 162, 167 (2013) (*en banc*). Again, if the Commonwealth had merely complied with Code § 19.2-405, the difficulty in this case would have never arisen. And in my view, difficulty does not provide legal justification for intervention. The role of the judiciary in construing statutes is to ascertain and apply legislative intent, not to rewrite a statute through judicial interpretation. Moreover, the concept of "unmitigated harshness" referenced by the majority must be viewed in the eye of the beholder, and I take no position on it. I am simply suggesting that the Court follow the well-established rule to interpret the statutes according to their plain and unambiguous language.

Furthermore, and with respect, the majority makes the bold assertion, without citation to any authority whatsoever, that a transcript is timely filed for purposes of Code § 19.2-405 when it is filed before the entry of the order appealed from, a holding that directly contravenes the plain language of Code § 19.2-405.[8] In passing, the majority acknowledges the Commonwealth's responsibility for filing the transcript but does not hold it accountable for the existence of the filed transcript in this case; instead, the majority simply notes that the record does not indicate how the transcript was filed. Simply *acknowledging* the Commonwealth's statutory duties for filing the transcript without holding the Commonwealth *responsible* for the filing of the transcript in this case abrogates the Commonwealth's express obligations under Code § 19.2-405.

The General Assembly could have included a provision in the nature of a savings clause in Code § 19.2-402(B) that allowed the fourteen-day time period to run from the filing of the notice of appeal in cases where the transcript is filed before the entry of the trial court's order. It

---

[8] In addition, the majority does not address Code § 19.2-405's requirement that the *Commonwealth* file the transcript. In this case, the record does not reveal who filed the transcript on February 28, 2013.

did not. Courts cannot "add language to the statute the General Assembly has not seen fit to include." Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003). "[N]or are they 'permitted to accomplish the same result by judicial interpretation.'" Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (quoting Harbor Cruises, Inc. v. Commonwealth, 217 Va. 458, 461, 230 S.E.2d 248, 250 (1976)).

The Commonwealth should not benefit from its failure to comply with Code § 19.2-405 through a novel interpretation of the statutory scheme that renders the transcript and petition for appeal timely filed in this case. There is no absurdity in applying the plain language of Code § 19.2-402(B) when the Commonwealth complies with *all* of the statutory provisions governing Commonwealth's pretrial appeals, including Code § 19.2-405. To suggest otherwise would be to suggest that the particularized and unambiguous language of the statute was meant to mean something other than what the legislature prescribed.

Finally, I note that in a plethora of cases, this Court has dismissed appeals for failure to comply with the strict letter of the statutes or rules governing appeals. See, e.g., Evans v. Commonwealth, 61 Va. App. 339, 735 S.E.2d 252 (2012) (dismissing appellant's appeal pursuant to Rule 5A:6 where appellant attempted to appeal his perjury conviction but identified the conviction he was appealing by the wrong case file number); Woody v. Commonwealth, 53 Va. App. 188, 670 S.E.2d 39 (2008) (dismissing appellant's appeal where he was convicted of violating a County DUI ordinance but filed a notice of appeal on November 9, 2007, naming the Commonwealth of Virginia as appellee, not the County, and the trial court entered an order on October 30, 2008, in response to an order from this Court, clarifying that appellant was convicted of violating the County DUI ordinance, not Code § 18.2-266)[9]; Haywood v. Commonwealth, 15

---

[9] This Court also dismissed the same appellant's appeal when he attempted to appeal the trial court's October 30, 2008 order, holding that it was not the final appealable conviction order in the case. Woody v. Cnty. of Amherst, No. 2909-08-3, 2010 Va. App. LEXIS 286 (Va. Ct. App. July 20, 2010).

Va. App. 297, 423 S.E.2d 202 (1992) (*en banc*) (dismissing the petitioner's petition for appeal pursuant to Rule 5A:12 where the petition was due on December 2, 1991, petitioner mailed the petition by priority mail on November 27, 1991, the United States Postal Service erroneously delivered the petition to the United States Court of Appeals for the Fourth Circuit, and this Court's clerk's office received the petition on December 3, 1991); Anderson v. Commonwealth, 13 Va. App. 506, 413 S.E.2d 75 (1992) (dismissing an appeal pursuant to Rule 5A:8 because the written statement of facts, endorsed by the Commonwealth's attorney and appellant's counsel and signed by the trial judge, did not contain a notation showing that it was filed in the office of the clerk of the trial court within fifty-five days after entry of judgment); Long, 7 Va. App. 503, 375 S.E.2d 368 (dismissing petitioner's petition for appeal because it was mailed by first class mail on the day it was due, rather than by registered or certified mail).

Here, the Commonwealth failed to comply with Code §§ 19.2-402(B) and -405. I would not construe these statutes other than by their plain language in order to render the Commonwealth's petition for appeal timely filed. Accordingly, I dissent from the majority's holding that the Commonwealth's petition for appeal was timely filed.