# Richmond

### David Skeens v. Commonwealth of Virginia.

May 7, 1951.

Record No. 3776.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*W. B. Snidow* and *Samuel A. Martin,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Frederick T. Gray, Assistant Attorney General,* for the Commonwealth.

HUDGINS, C.J., delivered the opinion of the court.

The judgment attacked in this case was entered on a verdict finding David Skeens guilty of unlawful wounding and fixing his punishment at confinement in the penitentiary for five years. The Attorney General moved to dismiss the writ of error on the ground that the defendant did not file his notice of appeal and assignments of error within sixty days after final judgment.

The motion to dismiss involves the construction of Rule of Court 5:1, Sec. 4, providing: "No appeal shall be allowed unless, prior to the expiration of sixty days after final judgment, counsel files with the clerk notice of appeal and assignments of error. Within fourteen days thereafter counsel for appellee shall file with the clerk his assignments of cross-error, if any. Only errors so assigned will be noticed by this court."

The main objects in adopting the new rules of appellate procedure were to simplify the method of getting up the record, clarify the issues and reduce the cost of appeal. These objects were accomplished by having the clerk of the trial court transmit the original papers to one of the seven justices, or to the clerk of the Supreme Court of Appeals, and by printing only that part of the record necessary to decide the questions raised.

Under the old method of making up the record for this court (Code, sec. 8-470) counsel, by agreement, could reduce the size of the record by requiring the clerk to copy only that part of the record necessary for the Supreme Court of Appeals properly to decide the case, or they could agree upon the facts, or any part of them, and direct the clerk to copy such statements in lieu of copying the complete record. Unfortunately counsel did not avail themselves of these provisions, with the result that the entire record was usually printed at unnecessary cost, and this court was required to read many pages of printed matter having nothing to do with the issues before it.

The appellate procedure, now Part Five of the Rules of · Court, does not require appellee to consent to anything, nor does it give him an opportunity to argue that omitted parts of the printed record are material. It provides for the printing of only the material parts of the record, and yet the entire record of the proceedings in the trial court is available to the Supreme Court of Appeals in the event some vital part of it is by mistake not designated to be printed.

What constitutes the record of a case in the trial court is set forth in detail in Rule 5:1, Sec. 3. This includes a transcript of the oral testimony and other incidents of the trial when presented to the trial judge within sixty days and signed by him within seventy days after final judgment. In addition to seeing that the record in the trial court is thus completed, appellant, in order to perfect his appeal, must take the following steps: (1) within sixty days after final judgment deliver to or serve on opposing counsel a copy of his notice of appeal and assignments of error, and file the originals with the clerk; (2) after the record is made up, file with the clerk a designation of the parts of the record he desires printed; (3) after twenty days from the time he has filed his designation for printing the record he must notify the clerk to transmit the record in time for it to be delivered to the clerk of the Supreme Court, or one of the justices, within four months from the date of final judgment; (4) he must deliver to opposing counsel a copy of his petition for appeal and file the original with the clerk of this court, or the justice to whom the record has been transmitted, within the four months' period; and (5) pay the filing fee of $1.50 to the clerk of the Supreme Court.

The precise question presented is whether the pro-

vision requiring the appellant to file his notice of appeal and assignments of error within sixty days from date of final judgment is mandatory or directory.

The provision is couched in mandatory terms. The notice of appeal is in lieu of the notice of appellant's intention to apply for a transcript of the record formerly required by the provisions of section 6339 of the Code of 1919. The rule requiring the notice of appeal and assignments of error to be filed within sixty days was adopted in order to give appellee ample opportunity (1) to examine the record and assure himself of its correctness before it leaves the clerk's office of the trial court; (2) to file, in civil cases, assignments of cross-error; (3) to designate for printing that part of the record he deems material to support the rulings of the trial court; (4) to prepare a brief in opposition to the granting of an appeal. If no notice of appeal and assignments of error are filed within sixty days the prevailing party then knows that the case is ended.

Defendant contends that the rule requiring appellant to file notice of appeal and assignments of error does not apply to a criminal case because no cross-errors are filed in such cases. The answers to this contention are:

(1) Rule 5:1, Sec. 1, specifically provides that the scope of the rule governing appellate procedure includes all appeals (civil and criminal) to the Supreme Court of Appeals, except appeals from the Industrial Commission (which are governed by the provisions of section 65-94 of the Code), but only section 13 applies to appeals from the State Corporation Commission.

(2) Rule 5:1, Sec. 6 (b) (applying specifically to criminal cases) requires the attorney for the Commonwealth to file with the clerk a designation of additional parts of the record that he wishes printed. An attorney for the Commonwealth would be unable to determine what additional parts of the record are material if he did not know the assignments of error upon which defendant intended to rely.

(3) Not infrequently attorneys for the Commonwealth file briefs in opposition to an appeal, which the court has found very helpful in determining whether or not the case should be reviewed.

The fact that another provision—Rule 5:1, Sec. 6(a)—gives appellee in civil cases an option to postpone until after the appeal has been granted designation of that part of the record

that he desires printed, does not relieve appellant of the duty to file his notice of appeal and assignments of error. The rule requires the record for the appellate court to be completed in the clerk's office of the trial court. If appellee desires to postpone until after the record has been transmitted and the writ granted the designation of additional parts of the record to be printed, it may be necessary for him to incur the expense of a trip to Richmond to examine the record in the clerk's office of this court in order to make the designation. The rule is expressed in such terms that it does not compel an attorney for appellee to examine the record after it has been transmitted to the clerk of the Supreme Court.

When a case has been prosecuted to final judgment in the trial court, counsel representing the losing party is, or should be, in a position to know the specific rulings of the trial court upon which he intends to rely to obtain an appeal and a possible reversal. Hence, little effort is necessary to prepare the notice of appeal and the assignments of error upon which he relies.

This rule is couched in clear, concise language, and was adopted for the purpose of giving both parties equal opportunity to inspect the record for appeal in the clerk's office of the trial court, to designate the material parts of the record they desire printed and to prepare briefs on the principles of law involved. See opinion by Mr. Justice Whittle, announced at this session of the court, in *Avery* v. *County School Board, post,* p. 329, 64 S.E. (2d) 767.

The rule is fair to both parties, and to insure orderly procedure, must be enforced according to its intendment.

The motion to dismiss is sustained.

*Writ dismissed.*