# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday, the 31st day of March, 1992.

Brade Sanchez, Appellant

    against

Commonwealth of Virginia, Appellee.

From the Circuit Court of Arlington County

Daniel Everett Harris, Appellant

    against

Commonwealth of Virginia, Appellee.

From the Circuit Court of Lunenburg County

Charles Clarence Atkins, Appellant

    against

Commonwealth of Virginia, Appellee.

From the Circuit Court of Lancaster County

James Gordon Lamb, Appellant

    against

Commonwealth of Virginia, Appellee.

From the Circuit Court of the City of Norfolk

Before Judges Benton, Coleman and Willis

In these four cases we consider, sua sponte, whether we have jurisdiction to entertain the petitions for appeal. In each of the four cases, the initial direct appeal from the judgment of conviction was not perfected. Each of the petitioners filed a habeas corpus petition and, as a result, was awarded a belated or delayed appeal. In this order, we address counsel's responsibility in filing a notice of appeal in a delayed appeal situation.

### Sanchez, Record No. 1453-91-4

Brade Sanchez was sentenced by the circuit court on January 6, 1988. His counsel timely filed a notice of appeal, but failed to perfect the appeal. We dismissed the appeal by order dated January 30, 1989. Thereafter, the circuit court, in a habeas corpus proceeding, found that Sanchez had been denied his right of appeal. Upon motion of the Commonwealth, we awarded Sanchez a delayed appeal by order dated January 16, 1991. That order granted Sanchez leave "to apply for an appeal from the judgment rendered against him." The order also directed "that all computations of time as required by the Rules of Court and applicable statutes" would run from the later of the date of entry of our order, or the date of entry of the circuit court's order appointing counsel. The circuit court appointed counsel by order dated February 7, 1991. Counsel did not thereafter file another notice of appeal.

### Harris, Record No. 1471-91-2

Daniel Everett Harris was sentenced by the circuit court on August 8, 1990. He timely filed a notice of appeal. His counsel failed to perfect the appeal. We dismissed the appeal by order dated February 21, 1991. Thereafter, Harris filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. By order dated June 14, 1991, that Court awarded the writ, "limited to the issue of the denial of his right to appeal, with leave granted him to file a notice of appeal and to apply to the Court of Appeals of Virginia for an appeal." The order also directed that all computations of time would run from the later of the date of entry of the Supreme Court's order, or the date of entry of the circuit court's order appointing counsel. Counsel was appointed by order dated July 15, 1991. A second notice of appeal was filed with the trial

court on August 15, 1991, one day after the notice of appeal was required to be filed.·

### Atkins, Record No. 1499-91-2

Charles Clarence Atkins was sentenced by the circuit court on May 4, 1990. His counsel did not file a notice of appeal. Thereafter, the circuit court found that Atkins had been denied his right of appeal. Upon motion of the Commonwealth, we granted a delayed appeal on March 12, 1991, and granted Atkins leave "to apply for an appeal from the judgment rendered against him." The order also directed "that all computations of time as required by the Rules of Court and applicable statutes" would run from the later of the date of entry of our order, or the date of entry of the circuit court's order appointing counsel. The circuit court appointed counsel on July 8, 1991. A notice of appeal was not thereafter filed.

### Lamb, Record No. 1931-91-1

James Gordon Lamb was sentenced by the circuit court on October 4, 1990. His counsel timely noted an appeal, but failed to perfect the appeal. We dismissed the appeal by order dated February 21, 1991. Thereafter, the circuit court, in a habeas corpus proceeding, found that Lamb had been denied his right of appeal. Upon motion of the Commonwealth, we awarded Lamb a delayed appeal by order dated August 14, 1991. That order granted Lamb leave "to apply for an appeal from the judgment rendered against him." The order also directed "that all computations of time as required by the Rules of Court and applicable statutes" would run from the later of the date of entry of our order, or the date of entry of the circuit court's order appointing counsel. The circuit court appointed counsel by order dated September 10, 1991. Counsel did not thereafter file another notice of appeal.

### Analysis

Code § 17-116.05:3 provides, in pertinent part: "The notice of appeal to the Court of Appeals *shall* be filed in every case within the court's appellate jurisdiction as provided in § 8.01-675.3" (emphasis added). Rule 5A:6(a) reads:

No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, coun-

sel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

These provisions require the filing of a timely notice of appeal. If a timely notice is not filed after entry of final judgment, the appeal must be dismissed for lack of jurisdiction. *Williams v. Landon*, 1 Va. App. 206, 336 S.E.2d 907 (1985).

We distinguish, however, between the case where a timely notice of appeal is not filed on either direct or delayed appeal, and the case where notice is timely filed on direct appeal but a new notice is not filed, or not timely filed, on delayed appeal. Our Supreme Court, in considering former Rule 5:1(4), outlined the purposes of the requirement that a timely notice be filed:

> The rule requiring the notice of appeal and assignments of error to be filed within sixty days was adopted in order to give appellee ample opportunity (1) to examine the record and assure himself of its correctness before it leaves the clerk's office of the trial court; (2) to file, in civil cases, assignments of cross-error; (3) to designate for printing that part of the record he deems material to support the rulings of the trial court; (4) to prepare a brief in opposition to the granting of an appeal.

*Skeens v. Commonwealth*, 192 Va. 200, 203, 64 S.E.2d 764, 766 (1951). None of these purposes, where applicable, is undermined by allowing a timely notice filed on direct appeal to retain viability on delayed appeal.

In so holding, we do not ignore the language utilized by the Supreme Court in its "delayed appeal" orders: "With leave granted [petitioner] to file a notice of appeal and to apply to the Court of Appeals for an appeal . . . ." (emphasis added). This language has efficacy where a timely notice of appeal was not filed on direct appeal. Where, however, a notice of appeal was timely filed from the conviction order, the provisions heretofore noted have been satisfied. Thus, an appellant need not perform an act, i.e., "file a [timely] notice of appeal," that he has previously accomplished. The distinction between the language used in the Supreme Court's delayed appeal order ("leave granted [petitioner] to file a notice of appeal"), and the language this Court uses in

such orders (leave is granted "to apply for an appeal") is not significant. As part of "apply[ing] for an appeal," one must file a timely notice of appeal. Rule 5A:6(a). However, as noted, one need not perform an act that has previously been accomplished.

Consequently, we hold that where a timely notice of appeal has been filed on direct appeal but the appeal is dismissed for failure to perfect it, and a delayed appeal has been awarded, an appellant need not file another timely notice of appeal after the delayed appeal is awarded. Sanchez, Harris, and Lamb filed timely notices of appeal on direct appeal of their convictions. Accordingly, we have jurisdiction over their delayed appeals, and will consider the merits of each at a future time.

Because Atkins did not file a timely notice of appeal on either direct or delayed appeal, we again must dismiss the petition for appeal in Record No. 1499-91-2. The Commonwealth shall recover of the appellant, Atkins, the costs in this Court and the trial court.

This order shall be certified to the Circuit Court of Lancaster County.

Because the issue addressed herein occurs with sufficient regularity that members of the bar may benefit from these directives, the Clerk is directed to publish this order and certify a copy to the Attorney General.