COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank[*]

JEFFREY POOLE, ET AL.

v.      Record No. 1926-22-4

ON DECK CAPITAL, INC.

MEMORANDUM OPINION[**]
PER CURIAM
AUGUST 29, 2023

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

(Jeffrey Poole, on brief), *pro se* for appellants.

(Bret T. Thrasher, on brief), for appellee.


Jeffrey Poole, *pro se*, appeals the trial court's orders denying two motions to set aside a

default judgment against him and his company, SED Construction, LLC. He argues that the trial

court erroneously concluded that it could not set aside a default judgment more than 21 days after it

was entered. He also argues that the trial court erred by not finding that an accord and satisfaction

agreement resolving the default judgment bound On Deck Capital, Inc. Poole maintains that the

trial court should have ordered On Deck to fulfill the agreement's terms. Nevertheless, the record

establishes that Poole did not file a timely notice of appeal challenging the trial court's first order

denying the motion to set aside the default judgment. Moreover, the record does not contain a

transcript or a written statement of facts in lieu of a transcript necessary to resolve Poole's argument

challenging the second order. After examining the briefs and record in this case, the panel

---

[*] Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In March 2021, On Deck filed a complaint against Poole and SED for breach of contract and breach of guaranty. On Deck alleged that it had loaned SED $50,000 under an agreement that required SED to repay a total of $68,999.97 consistent with a payment schedule. Poole executed a personal note guaranteeing SED's performance under the agreement. SED defaulted, leaving an unpaid balance of $58,384.59. On Deck sought recovery of the unpaid balance, pre- and post-judgment interest, and attorney fees. Poole and SED did not file a responsive pleading. Accordingly, on November 9, 2021, the trial court entered a default judgment awarding On Deck $58,384.59 in damages plus pre- and post-judgment interest at 6%.

On June 20, 2022, On Deck moved the trial court to vacate the final judgment order because Poole and SED "entered into a settlement agreement with [On Deck] and . . . paid the settlement amount in full." Supporting the motion, Poole, *pro se*, filed a "declaration" that purported to provide "the underlying material facts." Specifically, Poole alleged that after his attorney "terminated . . . representation" on November 29, 2021, he represented himself in settlement negotiations with On Deck's counsel. Poole maintained that On Deck, through its counsel, "agreed to accept $41,000.00 as full and final payment" on the default judgment, which was to be paid by January 24, 2022. Through wire transfers on January 27 and February 4, 2022, Poole paid $41,000 to On Deck. On Deck's counsel emailed Poole confirming the payments and promising to forward a "revised agreement" detailing the terms of an accord and satisfaction. Poole attached to his "declaration" the alleged accord and satisfaction agreement, which neither party had signed. The agreement provided, in part, that upon Poole's payment of $41,000, On

- 2 -

Deck would "request deletion" of the judgment to "any business or consumer credit reporting agency."

Poole acknowledged that the wire transfers were not transmitted before January 24, 2022. Nevertheless, he insisted that On Deck's counsel had apparent authority to act on his client's behalf and the emails confirming the payments effectively amended the terms of the "revised agreement" and bound On Deck to the agreement's terms. Accordingly, Poole asked the trial court to order that On Deck was bound by the "revised agreement," including the provisions requiring it to contact any business or consumer credit reporting agency.

On July 14, 2022, the trial court granted the motion to vacate the default judgment. On July 25, 2022, however, the trial court vacated its July 14, 2022 order to "correct a mistake arising from an oversight" under Code § 8.01-428(B). The court simultaneously entered an order denying On Deck's motion to vacate the default judgment because more than 21 days had passed since entry of the order in November 2021.

On August 31, 2022, Poole filed a separate motion to vacate the default judgment and dismiss the underlying case. Poole referenced the "declaration" he had filed in support of On Deck's prior motion and argued that the trial court had the authority to vacate the default judgment under Code § 8.01-428. Moreover, he contended that "On Deck [wa]s bound" under the alleged accord and satisfaction agreement "to vacate the judgment and dismiss the action, and take the steps agree[d] to with the credit reporting agencies." Based on "principles of agency and contract law," Poole asked the trial court to order On Deck to comply with the terms of the accord and satisfaction agreement. After a September 9, 2022 hearing, the trial court denied Poole's motion.[1]

---

[1] The record does not contain a transcript or a written statement of facts in lieu of a transcript of the hearing.

On appeal, Poole, *pro se*, challenges the trial court's July 25, 2022 order denying *On Deck's* motion to vacate the default judgment. He argues that the trial court had the authority to set aside the judgment under Code § 8.01-428 despite the passage of more than 21 days. Poole further argues that the trial court erred by denying *his* motion to vacate the judgment "based on the satisfaction contract between the parties." He maintains that On Deck is bound by the agreement because On Deck's counsel, who confirmed the agreement via email, had "apparent authority" to negotiate on its behalf. Accordingly, Poole argues that On Deck acted in "bad faith" by breaching the terms of the revised agreement, including the provisions requiring it to contact any business or consumer credit reporting agency. Poole claims that at the hearings, On Deck did not "dispute a single statement" in his factual "declaration." Poole also argues that he is entitled to attorney fees under the accord and satisfaction agreement.

ANALYSIS

I. This Court lacks jurisdiction to review the July 25, 2022 order denying On Deck's motion to vacate the default judgment.

"Before addressing the merits of an appeal, we first must determine whether we have jurisdiction." *Minor v. Commonwealth*, 66 Va. App. 728, 737 (2016). "Except as otherwise provided by statute, *no appeal will be allowed* unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal" and provides a copy of the notice to opposing counsel. Rule 5A:6(a) (emphasis added); *see also* Code § 8.01-675.3 (providing that "a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree, or conviction"). "[F]iling a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction." *Ghameshlouy v. Commonwealth*, 279 Va. 379, 390 (2010) (citing *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). "[D]ismissal of an untimely appeal is not merely a mechanical application of a

technical rule to deprive a litigant of the right to appeal, rather '[t]he purpose of the specific time limit [for filing a notice of appeal] is not to penalize the appellant but to protect the appellee.'" *Id.* at 391 (second and third alterations in original) (quoting *Avery v. Cnty. Sch. Bd. of Brunswick Cnty.*, 192 Va. 329, 333 (1951)).

"'To determine the timeliness of a notice of appeal from a final judgment, obviously it is first necessary to determine the date of the action of the trial court that constitutes the final judgment,' which is generally marked by the entry of a final order." *Jefferson v. Commonwealth*, 298 Va. 473, 475 (2020) (quoting *Super Fresh*, 263 Va. at 560). "A final order or decree . . . 'is one which disposes of the whole subject, gives all of the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" *Johnson v. Johnson*, 72 Va. App. 771, 781 (2021) (second alteration in original) (quoting *Friedman v. Smith*, 68 Va. App. 529, 538 (2018)). "The date of entry of a final order, and consequently the date that begins a defendant's deadline to file an appeal, 'shall be the date it is signed by the judge.'" *Jefferson*, 298 Va. at 476 (quoting Rule 1:1).

Here, the trial court's July 25, 2022 order disposed of the entire matter then pending before the court by denying On Deck's motion to vacate the default judgment. That order maintained the default judgment and nothing else remained "to be done." *Johnson*, 72 Va. App. at 781. Poole, however, did not file his notice of appeal challenging that judgment until October 13, 2022, outside the 30-day deadline proscribed in Rule 5A:6(a). Accordingly, we do not have jurisdiction to consider Poole's first assignment of error, which explicitly challenges the July 25, 2022 order. *See Sanchez v. Commonwealth*, 14 Va. App. 256, 259-60 (1992) (holding that when a defendant does not timely file a notice of appeal, this Court is without jurisdiction). Therefore, to the extent this appeal challenges the July 25, 2022 order, it is dismissed.

II. Without a transcript or a written statement of facts in lieu of a transcript, we cannot consider Poole's argument that the trial court erred by denying *his* motion to vacate the default judgment.

Although the trial court clearly had jurisdiction to consider a motion to vacate the default judgment despite the passage of more than 21 days, *see* Code § 8.01-428(A)(iii),[2] we lack an adequate record to review the trial court's ruling denying *Poole's* motion to vacate the default judgment. "On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Without a sufficient record, we will not consider the asserted error. *Id.* A transcript of any proceeding or a written statement of facts becomes part of the record if filed in the trial court clerk's office within 60 days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

Poole's arguments on appeal address several issues that he allegedly presented to the trial court during the September 9, 2022 hearing on his motion, including the trial court's legal authority to set aside a default judgment after more than 21 days, the validity of the unsigned accord and satisfaction agreement under agency principles, and On Deck's alleged failure to comply with the

---

[2] Moreover, although there is a two-year time limitation to set aside a default judgment for fraud under Code § 8.01-428(A), no such time limitation exists in cases, such as here, where the basis for the motion is accord and satisfaction.

- 6 -

terms of that contract. Moreover, Poole's argument relies, in part, on certain factual proffers allegedly made during that hearing and On Deck's failure to "dispute a single statement." The record, however, contains none of the evidence or argument presented at the hearing. Nor does it contain any of the trial court's findings or rationale for its judgment. Instead, the trial court's order simply denied Poole's motion without explanation.

With no record of the evidence and arguments Poole made or the positions he took (or possibly abandoned) at the September 9, 2022 hearing, we cannot know if his appellate argument repudiates a position that he may have taken in the trial court, let alone whether the trial court ruled, and erred, as he claims.[3] *See Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Thus, the transcript, or a written statement of facts in lieu of the transcript, from the September 9, 2022 hearing is indispensable to a determination of Poole's arguments under his second assignment of error raised on appeal. Accordingly, his arguments are waived. Rule 5A:8(b)(4)(ii).[4]

CONCLUSION

For the foregoing reasons, we dismiss in part and affirm in part.

*Dismissed in part and affirmed in part.*

---

[3] The trial court could have denied Poole's motion for various reasons, some of which are implicated by Poole's arguments. Without knowing the basis of the trial court's judgment, we cannot be certain that we are reviewing the court's actual ruling.

[4] Given our holding, Poole's request for attorney fees is denied. *See* Rule 5A:30; *Rainey v. Rainey*, 74 Va. App. 359, 391 (2022).