COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Fulton and White
Argued by videoconference

UNPUBLISHED

HARRY WARREN

MEMORANDUM OPINION* BY
v.        Record No. 1179-24-2            JUDGE JUNIUS P. FULTON, III
                                          AUGUST 26. 2025

AIKEY'S HOME IMPROVEMENTS, LLC, ET AL.


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Jason M. Hart (The Joel Bieber Law Firm, on briefs), for appellant.

Peter S. Askin (John P. O'Herron; ThompsonMcMullan, PC, on
brief), for appellee Aikey's Home Improvements, LLC.

R. Jamie Sinnott, IV (Sinnott, Nuckols & Logan, P.C., on brief), for
appellee Worley's Masonry, LLC.


Harry Warren appeals the trial court's orders dismissing his suit against Aikey's Home

Improvements, LLC (Aikey's) and Worley's Masonry, LLC (Worley's).  Warren argues that his

complaint pleaded negligence against Aikey's and that his claims are not barred under the

Virginia Workers' Compensation Act (the Act).  For the reasons stated below, we find the trial

court's July 9, 2024, order to be void for lack of jurisdiction and dismiss this appeal for lack of

jurisdiction.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Aikey's was contracted to build an addition to a house. Aikey's hired Worley's to dig trenches for the foundation. With Aikey's knowledge and assent, Worley's dug holes approximately two to three feet deep. Worley's did not provide any warnings about the holes, and they filled with water and debris such that they appeared to be puddles. Aikey's hired Warren's Home Repair and Demo, LLC (Home Repair) to install sill plates to frame the house. When Warren, the owner of Home Repair, arrived on site to begin the installation, he mistook one of the holes for a puddle and stepped into it, causing him serious and permanent injuries.

Warren sued Aikey's and Worley's for negligence. Aikey's demurred, arguing that it was not responsible for Worley's actions. Warren argued that he was not suing Aikey's under a theory of vicarious liability, but premises liability for failure to warn of or ameliorate the danger. The trial court sustained Aikey's demurrer and granted Warren leave to file an amended complaint clarifying his claim.

In his amended complaint, Warren alleged that Aikey's had actual knowledge of the holes and their condition. He also stated that Aikey's and Worley's had breached their duties of ordinary care to Warren, an invitee, by failing to warn him about the holes or make them less dangerous. Aikey's again demurred, arguing that Warren had not alleged that Worley's was anything but a subcontractor, and it was not vicariously liable for Worley's actions. At a hearing, the trial court found that no exception applied to the general rule that general contractors are not responsible for the actions of subcontractors. Accordingly, on February 28, 2024, it sustained Aikey's demurrer and dismissed it from Warren's suit.

---

[1]When reviewing a trial court's judgment sustaining a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 613 (2019). "Our recitation of the facts, of course, restates only factual allegations that, even if plausibly pleaded, are as yet wholly untested by the adversarial process." *Id.* at 614.

For its part, Worley's filed a plea in bar arguing that the Act deprived the trial court of subject matter jurisdiction over Warren's claim. Worley's asserted that Home Repair was its statutory co-employee under the Act. At a hearing, Kirk Aikey testified that Aikey's was tasked with demolishing a porch and fence and building an addition on the owner's property. Aikey's hired Home Repair to do the demolition work and framing of the addition. Warren did not dispute these assertions. Warren testified that he had not elected to be covered under Home Repair's workers' compensation insurance plan.

In a letter opinion, the trial court found that Warren likely fulfilled a managerial position within Home Repair, so he was an employee under the Act. The trial court also noted that regardless of whether he was a manager or employee of Home Repair, Warren was presumed to have accepted the provisions of the Act. Thus, on February 13, 2024, the trial court granted Worley's plea in bar and dismissed Warren's suit entirely.

On March 13, 2024, Warren petitioned the trial court to reconsider, arguing that he was neither a manager nor an employee under the Act, so the Act did not apply. At the conclusion of a hearing on May 21, 2024, the trial court announced that it intended to enter the dismissal order but took Warren's motion under advisement. On May 21, 2024, the trial court entered the final dismissal order, placing the case "among the ended causes." On June 28, 2024, the trial court issued a letter opinion, affirming its previous ruling on alternate grounds. The trial court found that because Warren was the sole member of Home Repair, he was an employee covered by the Act. The trial court added that its previous ruling remained in effect.

On July 9, 2024, Warren moved the trial court to vacate the May order under Code § 8.01-428(C), arguing that, despite his diligence, he was unaware that the order had been entered and the time to appeal had passed. On July 9, 2024, the same day that Warren filed his

motion, the trial court vacated the May final order, granted Worley's plea in bar, and dismissed the complaint. Warren filed his notice of appeal on July 15, 2024.

ANALYSIS

"'No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal' . . . . If a timely notice is not filed . . . the appeal must be dismissed for lack of jurisdiction." *Sanchez v. Commonwealth*, 14 Va. App. 256, 258-59 (1992) (quoting Rule 5A:6(a)). Pending motions to reconsider do not toll the 30-day deadline for a party to file a notice of appeal. *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010). One of the few exceptions to this rule is in Code § 8.01-428(C), which allows a party who was unaware of the final order to seek a remedy. To provide relief under Code § 8.01-428(C), the trial court must make certain findings of fact. Specifically, the trial court must determine that the lack of notice (1) did not result from a failure to exercise due diligence on the part of that party and (2) denied the party an opportunity to pursue post-trial relief in the circuit court. *See Rose v. Jacques*, 268 Va. 137, 147 (2004) ("[O]ur inquiry is whether the trial court made the necessary findings under the statute and whether those findings are supported by the record."). If the trial court makes such findings of fact within 60 days of the final order, the trial court may vacate the final order or grant leave to the party to file an appeal. Code § 8.01-428(C). Finally, the trial court cannot revisit a final order under Code § 8.01-428(C) unless the trial court finds the requirements under the Code in such a manner that this Court may review them.

The trial court issued its final order on May 21, 2024. Warren did not file a notice of appeal within the next 30 days. However, on July 9, 2024, he filed a motion under Code § 8.01-428(C), arguing that he had been unaware of the court's final order and thus should be granted leave to appeal.

- 4 -

We find no evidence in the record that the trial court made the requisite findings of fact, or even that the trial court considered Warren's § 8.01-428(C) motion. Warren argues that it is reasonable to infer that the trial court's July 9, 2024 order (issued the same day that Warren filed his motion) reflects the court's ruling on his motion. We disagree. The July 9, 2024 order explicitly refers only to Warren's previously filed petition for reconsideration. Additionally, Warren's suggested inference is unconvincing because the reconsideration petition was still pending when the § 8.01-428(C) motion was filed, and the July 9, 2024 order contains no findings of fact or any other indication that it relates to Warren's § 8.01-428(C) motion.

Due to the lack of factual findings related to the § 8.01-428(C) motion, or any other indication that the trial court's July 9, 2024 order addressed Warren's § 8.01-428(C) motion, we cannot conclude that the July 9, 2024 order was in response to Warren's § 8.01-428(C) motion. Thus, the July 9, 2024 order is void for lack of jurisdiction under Rule 1:1, and, consequentially, the May 21, 2024 order retains its viability as a final order. Warren did not file his notice of appeal within 30 days of the May 21, 2024 final order and therefore we do not have jurisdiction over this appeal. As a result, Warren's appeal is dismissed.

CONCLUSION

For the foregoing reasons, we dismiss Warren's appeal.

*Dismissed.*